**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BELLO THERAPY; MELISSA MOREHOUSE LICSW LLC; THROUGH THE FOREST COUNSELING INC.; and TRANSFORMATIVE INTIMACY LLC, individually and on behalf of similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED; UNITEDHEALTHCARE SERVICES INC.; OPTUM INSIGHT, INC.; CHANGE HEALTHCARE INC.; CHANGE HEALTHCARE OPERATIONS LLC; CHANGE HEALTHCARE SOLUTIONS, LLC; CHANGE HEALTHCARE HOLDINGS, INC.; CHANGE HEALTHCARE TECHNOLOGIES, LLC; CHANGE HEALTHCARE PHARMACY SOLUTIONS, INC.; OPTUM, INC.; OPTUM FINANCIAL, INC.; and OPTUM BANK,<br><br>*Defendants*. | Civil Action No. ________________<br><br>[Superior Court Department of the Trial Court Business Litigation Session Case No. 2684CV00559-BLS2]<br><br>**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b)** |

## NOTICE OF REMOVAL

Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., Optum Insight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., and Optum Bank, Inc., ("Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441(b), and 1446, and remove this action from the Suffolk County Superior Court, Business

Litigation Session ("BLS2"), to the United States District Court for the Massachusetts. As its reasons for removal, Defendants state:

**BACKGROUND**

1. By Summons and Complaint, Plaintiffs Bello Therapy, Melissa Morehouse LICSW LLC, Through The Forest Counseling Inc., and Transformative Intimacy LLC, individually and on behalf of similarly situated individuals ("Plaintiffs"), commenced a civil action against Defendants in the Suffolk County Superior Court titled *Bello Therapy et al. v. UnitedHealth Group, Inc. et al.*, 2684CV00559-BLS2, filed on February 25, 2026 (the "State Court Action").[1]

2. Defendants accepted service of the Summons and Complaint in the State Court Action on April 10, 2026. The instant Notice of Removal is being filed within thirty (30) days of the service date. 28 U.S.C. § 1446(b).

3. Defendants have attached hereto a copy of the Complaint, all process, and all other publicly available filings from the State Court Action docket as Exhibits 1 to 8.

4. Upon filing this Notice, Defendants will promptly "give written notice thereof to all adverse parties," and will "file a copy of the notice with the clerk" of the BLS2, as required under 28 U.S.C. § 1446(d), and will also file certified or attested copies of the State Court Action record, in accordance with Local Rule 81.1(a) of the United States District Court for the District of Massachusetts.

[1] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

## DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

**28 U.S.C. § 1332(a)**

6. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

7. Plaintiff Bello Therapy alleges it is a sole proprietorship providing mental health services located in Boston, Massachusetts. (Compl. ¶ 268). Counsel for Plaintiff Bello Therapy has stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, it is a citizen of Massachusetts. Accordingly, Plaintiff Bello Therapy is a citizen of Massachusetts for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

8. Plaintiff Melissa Morehouse LICSW LLC ("Morehouse") alleges it is a mental health practice located in Beverly, Massachusetts. (Compl. ¶ 273). Plaintiff Morehouse is a limited liability company. The citizenship of a limited liability company for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a) is determined by its members. *See BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023). According to the Massachusetts Secretary of State's Office, Melissa Morehouse LICSW LLC was organized in Massachusetts on May 22, 2019. Additionally, Counsel for Plaintiff Morehouse has stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff Morehouse and all of its members are citizens of Massachusetts. Accordingly, Plaintiff Morehouse is a citizen of Massachusetts for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

9. Plaintiff Transformative Intimacy LLC ("Intimacy") alleges it is a mental health services practice and sole proprietorship located in Andover, Massachusetts. (Compl. ¶ 285). Plaintiff Intimacy is a limited liability company. The citizenship of a limited liability company for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a) is determined by its members. *See BRT Mgmt. LLC*, 68 F.4th at 696. According to a filing with the Massachusetts Secretary of State's Office, Transformative Intimacy LLC was organized in Massachusetts on March 18, 2019. Additionally, Counsel for Plaintiff Intimacy has stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff Intimacy and all of its members are citizens of Massachusetts. Accordingly, Plaintiff Intimacy is a citizen of Massachusetts for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

10. Plaintiff Through the Forest Counseling Inc. alleges it is a mental health practice located and registered in Boston, Massachusetts. (Compl. ¶¶ 14, 278). Counsel for Plaintiff Through the Forest Counseling Inc. has stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff Through the Forest Counseling Inc. is a citizen of Massachusetts. Accordingly, Plaintiff Through the Forest Counseling Inc. is a citizen of Massachusetts for purposes of assessing jurisdiction under 28 U.S.C. § 1332(a).

11. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

12. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.

13. Defendant Change Healthcare Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

14. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

15. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.

16. Defendant Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

17. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant OptumInsight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

18. Defendant Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Financial, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

19. Defendant Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Defendant Optum Bank, Inc. is a citizen of Utah for purposes of diversity jurisdiction.

20. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *BRT Mgmt. LLC*, 68 F.4th at 696. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

21. Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

22. Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

23. Because Plaintiffs are citizens of Massachusetts, and Defendants are citizens of Delaware, Maine, Minnesota, and Utah, complete diversity exists between Plaintiffs and Defendants.

24. Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000. The Complaint alleges that Defendants failed to provide Plaintiff Bello Therapy with services for which it paid through third-party intermediaries, and that because of Defendants' actions, Plaintiff Bello Therapy received late payments for medical care, incurred extra costs from switching to another healthcare payment software, and spent significant resources investigating the network outage and applying for lines of credit as a result of its loss or delay of income. Compl. ¶ 271.

25. Plaintiff Morehouse alleges that, due to Defendants' actions, it was unable to submit claims, receive ERAs and payment for its medical care to patients. Compl. ¶ 274. Plaintiff Morehouse further alleges it suffered monetary losses through rejected and/or delayed payments for medical care and spent significant resources investigating the network outage and alternative methods to receive payment for medical care. Compl. ¶ 275.

26. Plaintiff Through the Forest Counseling Inc. alleges that, because of Defendants' actions, it suffered monetary losses such as rejected and/or delayed payments for care and spent significant time and resources investigating the network outage and alternative methods to receive payment for medical care. Compl. ¶ 281. Plaintiff Through the Forest Counseling Inc. further alleges that its medical claims have been delayed and ultimately denied by insurers, thereby preventing Plaintiff Through the Forest Counseling Inc from collecting payments it would have otherwise received. According to Plaintiff Through the Forest Consulting, those unpaid claims total over $160,000. Compl. ¶ 282. Plaintiff Through the Forest Counseling also alleges it lost

approximately 15 employees resulting in measurable damages. Compl. ¶ 283. Additionally, all Plaintiffs seek treble and/or punitive or exemplary damages. Compl., Request for Relief.

27. Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

**28 U.S.C. § 1332(d)**

28. This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action; at least one member of the class (Plaintiffs) is a citizen of a state different from Defendants; Defendants are not a State, State official, or other governmental entity; the number of members of the proposed plaintiff class is not less than 100; and the amount in controversy exceeds the sum or value of $5,000,000.

29. As stated above, Plaintiffs allege they are citizens of Massachusetts, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, at least minimum diversity exists.

30. The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl. ¶ 293. Since Plaintiffs seek to represent a nationwide class of providers, Compl. ¶ 290, the number of members of the proposed class is greater than 100.

31. Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "providers did not timely receive *billions* of dollars in earned reimbursements." Compl. ¶ 5 (emphasis in original). Since Plaintiffs seek to represent a nationwide class of providers, the amount in controversy exceeds $5,000,000.

32. Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. §§ 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## REMOVAL TO THIS DISTRICT IS PROPER

33. This Notice of Removal is being filed in the United States District Court for the District of Massachusetts, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. § 1332; 28 U.S.C. §§ 1441(a) & 1446(a).

34. WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the District of Massachusetts.

Dated: April 13, 2026

Respectfully submitted,

*/s/ Alexandra Watson Bailey*

Alexandra Watson Bailey (BBO No. 676145)
Hogan Lovells US LLP
125 High Street, Suite 2010
Boston, MA 02110
(617) 371-1000
alexandra.bailey@hoganlovells.com

*Counsel for Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., and Optum Bank, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to the following parties:

Joseph P. Guglielmo
Scott & Scott Attorneys at Law LLP
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169

Adam Polk
Girard Sharp
601 California St., Suite 1400
San Francisco, CA 94108

Dated: April 13, 2026

*/s/ Alexandra Watson Bailey*
Hogan Lovells US LLP